UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:16-CR-264 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 27] |
| v. | : | |
| | : | |
| RICHARD MALDONADO, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Richard Maldonado requests a reduced sentence under the compassionate release statute 18 U.S.C. § 3582(c)(1)(A).[1] Defendant is serving a 128-month sentence at FCI McKean.[2] The Government opposes Maldonado's request.[3]

I. Background

During a 2016 traffic stop, police found 100 grams of heroin in Defendant's possession.[4] At the time, Defendant was under federal supervised release for a prior drug trafficking offense. Defendant then pled guilty to one count of possession with intent to distribute heroin.[5] This Court sentenced Defendant Maldonado to a below-guideline sentence of 128 months' imprisonment[6] and 24 months' concurrent imprisonment for violating his supervised release.[7]

---

[1] Doc. 27.
[2] *Id.* at 4.
[3] Doc. 28. Defendant replied. Doc. 29.
[4] Doc. 27-1 at 1.
[5] *Id.*
[6] *Id.*
[7] Doc. 28 at 4.

Case No.
GWIN, J.

## II. Discussion

### A. Exhaustion

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may modify a Defendant's prison term once the Defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier."[8]

On February 2, 2021, Defendant sought compassionate release from his FCI McKean Warden.[9] Defendant Maldonado filed his motion for compassionate release more than 30 days after requesting release from the warden.[10] The Government does not speak to whether Maldonado meets § 3582(c)(1)(A)(i)'s exhaustion requirement.[11] Maldonado satisfied § 3582(c)(1)(A)(i)'s exhaustion requirement.

### B. Eligibility

To grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[12] (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[13]

---

[8] 18 U.S.C. § 3582(c)(1)(A)(i).
[9] Doc. 27-1 at 5, 17.
[10] *Id.*
[11] Doc. 28.
[12] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).
[13] *Id.* at 518 (citing *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) and 18 U.S.C. § 3582(c)(1)(A)) (internal quotation marks omitted).

Case No.
GWIN, J.

There are currently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[14] The court "may skip step two" where an inmate files a motion on their own behalf.[15]

Under the compassionate release statute, a court may "reduce the term of imprisonment . . . and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[16]

### a. Extraordinary and Compelling Reasons

Defendant Maldonado seeks compassionate release because of the disparity between his original sentence and the sentence he would be given today.[17] Defendant also cites the risk of re-infection of COVID-19.[18]

In *United States v. Havis*, the Sixth Circuit held that the "controlled substance offense" in the career offender sentencing guidelines did not include attempt crimes.[19] Further, in *United States v. Cordero*, the Circuit explained that "conspiracy to distribute controlled substances is not a 'controlled substances offense' under § 4B1.2(b)."[20]

The Court recognizes that, given *Havis* and *Cordero,* Defendant's prior drug conspiracy offense might not contribute to a career offender designation today. But *Havis*

---

[14] *See Elias*, 984 F.3d at 519 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[15] *Jones*, 980 F.3d at 1111.

[16] 18 U.S.C. § 3582(c)(1)(A).

[17] Doc. 27 at 2.

[18] Doc. 27-1 at 6.

[19] *United States v. Havis,* 927 F.3d 382, 387 (6th Cir. 2019).

[20] *United States v. Cordero*, 973 F.3d 603, 626 (6th Cir. 2020), reh'g denied (Nov. 3, 2020).

- 3 -

Case No.
GWIN, J.

does not have retroactive effect.[21] Maldonado was correctly sentenced under the law as it stood in 2017.

Disparities between pre- and post-*Havis* sentences may rise to the level of extraordinary and compelling reasons for a First Step Act discretionary sentence reduction. This Court has granted compassionate release based partially on post-*Havis* sentencing discrepancies.[22] But those cases also involved COVID-19 health considerations that are not present in Maldonado's situation.[23] Other courts are split on whether the fact that someone would not be considered a career offender after *Havis* is an extraordinary and compelling reason that justifies release.[24]

Defendant Maldonado is serving his below-guideline sentence at FCI McKean. He has served 57 months and still has approximately 50 months before release.[25] There are currently no active prisoner COVID-19 cases and three staff cases at FCI McKean.[26]

---

[21] *Alexander v. United States*, No. 19-4005, 2020 WL 6111201, at *2 (6th Cir. June 30, 2020); *United States v. Lawrence*, No. 17-20259, 2021 WL 859044, at *1 (E.D. Mich. Mar. 8, 2021) (acknowledging that *Havis* does not have a retroactive effect); *see also Dorsey v. United States*, 567 U.S. 260, 280 (2012) ("the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced").

[22] *See United States v. Wahid*, No. 1:14-CR-00214, 2020 WL 4734409, at *2–3 (N.D. Ohio Aug. 14 2020) (granting compassionate release based on COVID-19 considerations and the disparity between Defendant's pre- and post-*Havis* sentencing guideline recommendations) ("[A]t the time of his sentencing in 2015, Defendant Wahid's sentencing guideline range was 168 to 210 months, and the Court sentenced him to 120 months. However, under the law today, Wahid would face a guidelines range of 63 to 78 months."); *United States v. Flakes*, No. 1:14-cr-00214-JG- 28, 2020 U.S. Dist. LEXIS 127346, at *4 (N.D. Ohio July 20, 2020) (granting compassionate release based on COVID-19 considerations and Defendant's pre- and post-*Havis* sentencing disparity) ("[A]t the time of his 2015 sentencing, Defendant Flakes's sentencing guideline range was 151 to 188 months . . . . However, under the law today, Flakes would face a guidelines range of 63 to 78 months.").

[23] In both cases, the defendants were housed at Elkton, a BOP facility heavily affected by COVID-19 at the time. *Wahid*, 2020 WL 4734409, at *1; *United States v. Flakes*, 2020 U.S. Dist. LEXIS 127346, at *1.

[24] *Compare United States v. Lawrence*, No. 17-20259, 2021 WL 859044, at *1 (E.D. Mich. Mar. 8, 2021) (holding that a 73-91 month discrepancy, as well as other factors, merited release), *with United States v. Nix*, No. 3:15-CR-36-TAV-DCP, 2021 WL 1518632, at *3 (E.D. Tenn. Apr. 16, 2021) (holding that *Havis* considerations should not apply).

[25] Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited July 9, 2021).

[26] Federal Bureau of Prisons, *Covid-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited July 9, 2021).

Case No.
GWIN, J.

Defendant had COVID-19 last winter and recovered. He presents no COVID-19 risk factors in his medical history.[27] Further, a significant portion of FCI McKean's population—although not all—has been fully vaccinated.[28]

If Defendant's supervised release violation sentence was consecutive, the top end of his sentence today would be 95 months.[29] This Court sentenced Defendant to 128 months' imprisonment with the supervised release violation sentence served concurrently. This discrepancy is not insignificant. Given reduced COVID-19 concerns, however, Defendant's circumstances as a whole are not extraordinary and compelling reasons favoring compassionate release.

### b. 18 U.S.C. § 3353(a) Factors

Additionally, the 18 U.S.C. § 3553(a) factors weigh against release.[30] Defendant is serving a sentence for committing an offense while on supervised release and only six months after his prior release from prison.[31] Even without a career offender designation, Defendant has a significant criminal history.[32] This Court sentenced Defendant below the recommended range at the time.[33] Shortening his sentence further would not fulfill this Court's intent to reflect the gravity of Defendant's actions or provide just punishment.

---

[27] Doc. 27-1.
[28] FCI McKean has 981 inmates split between the facility (843) and the nearby camp (138). Federal Bureau of Prisons, *FCI McKean*, https://www.bop.gov/locations/institutions/mck/ (last visited July 16, 2021). In the entire complex, 24 staff, and 633 inmates are vaccinated, though it is not clear how many in each location. Federal Bureau of Prisons, Covid-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited July 16, 2021).
[29] Doc. 28 at 10.
[30] 18 U.S.C. § 3553(a). The factors include "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" and the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," among other factors. *Id.*
[31] Doc. 28 at 4.
[32] Doc. 19 at 7–13.
[33] *Id.* at 18. Defendant's sentencing guideline range was 151-188 months. *Id.*, Doc. 26. at 35.

- 5 -

Case No.
GWIN, J.

### III. Conclusion

For the foregoing reasons, the Court DENIES Defendant Maldonado's request for compassionate release.

IT IS SO ORDERED.

Dated: July 19, 2021  　　　　　　　　　　　　　 <u>s/     James S. Gwin</u>
　　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE